PAUKETT *v.* LIVERMORE.

Where a party does not abide by his demurrer, but answers over and goes to trial, he waives the questions on the demurrer, except so far as they are involved in the instructions asked, or in a motion for a new trial.

Paukett v. Livermore.

Where in an action to recover damages for a malicious prosecution, the defendant, on presenting his instructions, requested the court to give them without modification, and asked the court to instruct the jury as follows: "From the want of probable cause in the prosecution, the jury are not bound to imply malice; and if they are not satisfied that the prosecution was instituted or carried on through malice, they will find for the defendant;" and where the court modified the said instruction, so as to read as follows: "From the want of probable cause in the prosecution, the jury are not bound to, *but they may*, imply malice; and if they are not satisfied that the prosecution was instituted or carried on through malice, *express or implied*, they will find for the defendant; *Held*, That the instructions in both forms, express the law, and there was no legal difference between them.

And where in such an action, the defendant asked the court to instruct the jury, and insisted that the same should be given without any modification, as follows: "1. A justice of the peace has no authority or jurisdiction, to place a party on his trial, charged with robbery, nor to acquit him thereof, nor to adjudge or pronounce him not guilty. 2. If the jury believe from the evidence, that the justice of the peace, exceeded his jurisdiction in the above respects, or failed to find that no crime had been committed, or that there was no probable cause to suspect plaintiff, they will find for the defendant. 3. To entitle the plaintiff to recover, he must prove that the justice found and adjudged, at the time of the trial, that no crime was committed, or that there was no probable or reasonable ground to suspect plaintiff guilty of robbery, or any other crime; and if the plaintiff has failed to prove, as above stated, they will find for the defendant"—the first of which was given, and the two latter refused; *Held*, That the court did not err in refusing the instructions.

A complainant in a criminal prosecution, against whom an action is brought for a malicious prosecution, cannot become a witness for himself, nor show his own testimony on the hearing of the criminal case, in order to make out probable cause.

Where the evidence in a cause is not before the appellate court, that court cannot determine whether the verdict was against the weight of evidence, nor whether it was inconsistent with the instructions of the court.

A verdict of five hundred dollars, in an action for malicious prosecution, is not so great, as to warrant the court in setting it aside as excessive.

*Appeal from the Fremont District Court.*

TUESDAY, DECEMBER 8.

This action was brought to recover damages for an alleged malicious prosecution. The petition alleges, that

the defendant filed a complaint before a justice of the peace, charging plaintiff with the crime of robbery, by using force, violence and threats to and upon the defendant, and with such force, violence and threats, taking two sacks of wheat from the lawful possession of the said defendant, by means of which complaint, the plaintiff was arrested and imprisoned for three days, was put to great expense and trouble, and was otherwise injured. The petition alleges, "that the justice, having heard the allegations and the evidence, declared and adjudged that petitioner be discharged from further custody, as he was not guilty of the crime alleged, and petitioner was then and there discharged, and the said prosecution then terminated in favor of petitioner."

The defendant demurred to the petition, and the demurrer was overruled. He also answered: first, denying all the allegations of the petition, in detail; and secondly, justifying the prosecution instituted by him, maintaining that he had probable cause for making the charge against the present plaintiff. To this, there was a replication; and there was a trial by a jury, who returned a verdict against the defendant of five hundred dollars. The defendant appeals.

The errors assigned, are noticed in the opinion of the court.

*Clark & Bro.* and *J. Murphy*, for the appellant.

*Lingenfelter & Kelsey*, and *Clarke & Henley*, for the appellee.

WOODWARD, J.—The error first assigned, is to the overruling the demurrer to the petition. The defendant did not abide by his demurrer, but answered over and went to trial, and thus waived the questions on the demurrer, except so far as they are involved in the instructions asked, or in the motion for a new trial.

The third error assigned, (which it is convenient to no-

tice before the second), is, that the court refused to either give or refuse the fourth instruction asked by the defendant, without modification. The bill of exceptions certifies that the counsel for the defendant, on presenting his instructions, requested the court to give them without modification, but that the court did modify the fourth, and the defendant excepted thereto. This instruction, as asked, was as given below, without the words within brackets, and as given, it included the words embraced in the brackets: "From the want of probable cause in the prosecution, the jury are not bound to, [but they may], imply malice; and if they are not satisfied that the prosecution was instituted or carried on through malice, [express or implied], they will find for the defendant."

Both of these forms of the proposition, express the law. There is no legal difference between them. If the instruction had been given to the jury in the first form, it would have been necessary that they should understand it as expressed in the second. They should have known, either from their own knowledge, or by explanation from the court, that the malice might be either express or implied, and that whilst the jury are not bound to infer malice, from want of probable cause, yet they are at liberty to do so— they may do so—in their discretion or judgment, guided by the evidence, and under the sacred responsibilities of their oath, and their position. In other words, such would have been the legal meaning of the language of the instruction, as asked by the defendant. What, then, was the effect of the words of modification, added by the court? Did they change the legal sense of the proposition? They did not, in proper sense, constitute a modification, but were only words of explanation, expressing that which must have been understood, had they not been added. In the case of *Center* v. *Spring*, 2 Iowa, 405, the change or modification by the court, was such as might well mislead the jury. The implication was that certain legal doctrine, which applied to an action for a malicious prosecution, did not, or at least might not, apply to that action, which,

Paukett v. Livermore.

whilst it was not technically an action on the case, was still an action for a malicious prosecution.

The second error assigned is, that the court refused to give the second and third instructions asked by defendant. We give the first, in connection with the second and third. They were as follows:

1. "A justice of the peace, has no authority or jurisdiction, to place a party on his trial, charged with robbery, nor to acquit him thereof, nor to adjudge or pronounce him not guilty.

2. "If the jury believe from the evidence, that the justice of the peace, exceeded his jurisdiction in the above respects, or failed to find that no crime had been committed, or that there was no probable cause to suspect Paukett, they will find for the defendant.

3. "To entitle the plaintiff to recover, he must prove that the justice found and adjudged, at the time of the trial, that no crime was committed, or that there was no probable or reasonable ground to suspect Paukett guilty of robbery, or any other crime; and if the plaintiff has failed to prove as above stated, they will find for the defendant."

It will be remarked, first, that the defendant called upon the court to give the instructions asked by him, without modification, or to refuse them; and secondly, that the above first instruction asked by the defendant, involves the doctrine, that the justice had not authority to put the party on trial, nor to adjudge him guilty or not guilty. This instruction was given, and it contains the law. But this means, that it is the law, taking the instruction strictly, and in an accurate sense; that is, in the sense that the justice could not "hear, try and determine" the cause. He could not hear, determine, and then award punishment. But in another, and a less technical sense, he could hear and try, for he could hear and determine, whether the accused should be held to answer at a higher court, and before a grand jury. And there does not seem to be any

pretence—there is nothing in the cause which indicates—that the justice undertook to go beyond this.

Under this state of things, the defendant calls upon the court, to give his second and third instructions, precisely as asked, or refuse them. The second involves three propositions.

*First.* If the justice exceed his jurisdiction in the above respects, the jury must find for the defendant. The correctness of this, is doubted, but as the occasion does not require it, we shall not stop to discuss it.

*Secondly.* If the justice failed to find that no crime had been committed, then the jury must find for the defendant. This is not correct. It was not requisite, under any point of view, that the justice should find, that no crime had been committed.

*Thirdly.* If the justice failed to find that there was no probable cause to suspect Paukett, the jury must find for defendant.

We have seen that the defendant requested the court to give the charges, just as presented, or refuse them. The court refused this. It was not essential that the jury should believe that the justice found precisely this, in form. It was sufficient if they believed, that he discharged the accused; and there is nothing demanding that it appear, that he found any precise matter in a certain form. It is alleged that the justice discharged the accused, and that the prosecution terminated in his favor, and this was proved.

The third instruction asked by the defendant, as given above, is in substance, much like the second, and is subject to the same remarks. But it goes beyond the second, in one important particular. The court is required to charge that the plaintiff must prove, that the justice found there was no reasonable ground to suspect the accused of this, or any other, crime. This was clearly, too broad a proposition. If the accused were shown to be guilty of some other crime, though not of that laid to his charge, we do not say that the present defendant, might not avail himself of the fact; but we say that he has pleaded noth-

Paukett v. Livermore.

sing leading to this inquiry, and that we cannot say that in the actual position of this cause, the plaintiff must prove, or the jury must find, that the justice adjudged, pecifically, that there was no ground to suspect the accused, guilty of this, or any other, crime. We repeat, that it is alleged that the accused was discharged, and this covers all the facts, and consequent law, which, by fair intendment, would be embraced in the second, at least, of the above two instructions, had not the defendant placed them upon the very terms, and precluded any latitude of construction or meaning. From the other instructions given, and from the circumstances of the cause, we infer that the court below, viewed these instructions as asked, in their strict form, and refused them, because they could not be given thus literally; and in this, we think, there was no error.

The fourth error assigned is, in refusing to let the defendant show what the testimony was before the magistrate. This assignment contains a much broader proposition than is warranted by the bill of exceptions. This says, the defendant offered to prove what he, (the defendant), swore upon the hearing of the charge preferred against plaintiff by the defendant, before the justice of the peace, which, being objected to, was excluded by the court. It is manifest, that the defendant in this action, could not show what he testified on the complaint before the justice. The complainant in a prosecution, being sued civilly, as for a malicious prosecution, cannot become a witness, nor show his own former testimony, in order to make out probable cause. This is a disadvantage which he lies under, when sued civilly.

The fifth, and last, assignment of errors, is based upon the overruling the motion for a new trial. This motion is made upon the grounds: 1. That the verdict is against the instructions of the court; 2. That it is contrary to the evidence; and 3. That the damages are excessive. As the evidence is not given, we cannot decide whether the verdict was against the weight of it; nor whether it was inconsistent with the instructions. It is not manifestly so.

The damages found, are not so great as to warrant the court in setting aside the verdict as excessive.

The judgment of the District Court is affirmed.