CLARK v. LEE *et ux.*

1. TRUSTEE CANNOT PURCHASE. Where a trustee conveys a portion of the trust property to his own wife, for his own use and benefit, a court of equity will not permit him to hold the property so conveyed as a security for moneys advanced for the *cestui que trust* in the execution of the trust.

*Appeal from Johnson District Court.*

TUESDAY, JANUARY 6, 1863.

IN April, 1850, complainant being about to leave his home in this State for California, made to his brother-in-law, the respondent, F. H. Lee, a power of attorney, authorizing him to lease, rent, mortgage, or sell certain lands therein described, and owned by him, and to generally take charge of his business, and to do and perform all matters and things in the same manner as complainant would or could do if personally present. Under this power the attorney sold a part of the land, mortgaged other parts, received rents and collected debts due, and paid the means so raised, in whole or in part, upon debts owing by said complainant. On the first of June, 1855, the said attorney, without any consideration, but, as he alleges, for the purpose of securing himself for advances made by him for his principal, conveyed by absolute deed a portion of complainant's land to his (respondent's) wife. This bill was filed to set aside this deed.

The cause was submitted to three referees, who reported in favor of the prayer of the bill. To this report respondents excepted; the exceptions were sustained, and from this order complainant appeals.

*J. D. Templin* for the appellant.

*Edmonds & Ransom* for the appellee.

WRIGHT, J.—The pleadings and testimony clearly warranted the referees in finding, as they did, the following facts: 1. That Clark was the owner in fee of the lands described in the power of attorney, including that conveyed by F. H. Lee to his wife. 2. That the power of attorney was made by Clark to enable Lee to lease, rent, sell or mortgage said lands, to raise money to discharge and pay any just debts of said Clark or liens on said land. 3. That Lee made the deed to his wife as charged, for his own use and benefit, and without consideration, and therefore fraudulently as to said complainant. And as a conclusion of law, they found that said deed was not warranted; that the wife took no title, and the same should be set aside.

Respondents claim that they have at all times been ready to reconvey this land upon being reimbursed all advances made for complainant in discharge of the trust, and that they have a right to retain the title as security for such advances.

The law is held otherwise in the case of *McGregor* v. *Gardner et al.*, *ante*. A trustee or agent cannot take the law into his own hands, sell the lands of his *cestui que trust* to himself, and then ask to hold the same as security for advances made when there was no previous consent, no consideration, no such acquiescence or laches as debars the person beneficially interested from questioning the transaction. If none of these or equally conclusive corroborative circumstances exist, a purchase of this nature will be set aside, however fair, open or honest it may be in itself. It is set aside without inquiry into its fairness. This was not a contract between the beneficiary and his trustee or agent.

The case is not ripe for hearing upon the matters relating to the account between the parties. As the pleadings stand respondents have no standing in Court. No affirmative relief has been asked by them. The appeal is from the order of the Court, setting aside the report of the referees.

The cause will be reversed and remanded with instructions to the Court below to enter a decree setting aside the deed from Lee to wife, and giving respondents the right to amend their pleadings if they so desire, upon such terms as may be just.

