Sypher v. McHenry.

---

## SYPHER v. M. D. & W. H. MCHENRY.

1. **Trustee: PURCHASE.** Where a trustee, acting for others, sells an estate, and becomes interested in the purchase, the *cestui que trust* is entitled in equity to set aside the sale, and have the property re-offered for sale, and this without inquiring whether the bargain was or was not advantageous to the trustee.

*Appeal from Polk District Court.*

WEDNESDAY, APRIL 5.

ON the 4th of May, 1857, plaintiff borrowed of one Robertson three thousand dollars, and, to secure the same,

executed a deed of trust on certain property in the city of Des Moines. W. H. McHenry was named as the trustee, and was authorized to sell the property upon certain terms and conditions in the said deed mentioned. The contract was tainted with usury, and this was known to the defendants, who are partners in the practice of law, and who drew the trust-deed, and afterwards purchased the said indebtedness from the said Robertson. In September, 1860, the debt remaining unpaid (in part, at least), the trustee sold the property to his partner, M. D. McHenry, at public outcry, for $1,400. After this, plaintiff, claiming that he had paid a large amount of said debt, tendered the sum which he admitted to be due, deducting usury and payments, and demanded a reconveyance. This was refused, and in January, 1861, this action was commenced to set aside said sale by the trustee, and to redeem the property. The cause was heard upon the issue joined by the answer to the original petition, an amendment to the petition and answer thereto, depositions and exhibits, and a decree entered in favor of plaintiff, from which defendants appeal.

*Withrow & Smith* for the appellants.

*C. C. Nourse* for the appellee.

WRIGHT, Ch. J.—The fact that the contract between plaintiff and Robertson was tainted with usury is admitted, and knowledge thereof on the part of defendants is not contested. No question is made as to the tender, nor as to the right of plaintiff to redeem, if for any cause the sale made by the trustee to his co-defendant shall be held to be invalid. So that all our inquiries are to be confined to this part of the case; it being, in effect, admitted, that if this was regular, and in accordance with the power conferred upon the trustee, the bill should be dismissed, and the purchaser remain undisturbed in his title. Plaintiff relies upon

various grounds for setting aside this sale, which may be summed up as follows: 1. That it was not made at. the place designated in the trust deed. 2. That notice thereof was not given as required by the power. 3. That the amount for which it sold was grossly inadequate. 4. That defendants acted fraudulently in advertising and selling said property. 5. That plaintiff had a large amount of other property, real and personal, unincumbered and subject to execution at the time of the sale, which should have been exhausted before disposing of this, which constituted his homestead. 6. That the notices of sale stated falsely (excessively) the amount due, and thus discouraged bidders. 7. That the trustee, though a disinterested party at the time of his appointment, afterwards, and before the sale, became interested, and hence could not act. 8. That said trustee was directly interested in the purchase; that the same was made for his benefit, as well as that of his co-defendant and partner.

As we conclude that the decree below must be affirmed upon the last point made, it is unnecessary to examine the others in detail; and yet it is due to defendants, perhaps, to state that none of these (unless it may be the seventh), in view of the testimony, strike us as entitled to much weight. True, some of them are not entirely free from doubt, in the minds of a portion of the court; but while we might treat them all as insufficient to invalidate the sale, we should still have to meet the last objection, which we unite in holding fatal to its validity.

Before leaving these other points, however, we may remark, that there is no fair ground for charging defendants with fraud in advertising or conducting said sale. We are satisfied that it was conducted fairly, and that they are not obnoxious, to any extent, to the charges made on this subject in the bill. And yet the sale cannot be upheld, for

**1. TRUSTEE: purchase by.** the reason that the trustee was interested jointly with his co-defendant in the purchase.

And here the parties differ more upon the facts than the law. The rule is, in effect, admitted as stated in *The Bank of the Old Dominion* v. *Dubuque and Pacific Railroad Company,* Iowa, 277, and similar authorities: That when a trustee, acting for others, sells an estate, and becomes interested in the purchase, the *cestui que trust* is entitled, in equity, to set aside the purchase and have the property reëxposed to sale; and this without inquiry whether the bargain was or was not advantageous to the trustee. This case is sustained by the following among other authorities, and of its correctness there can be no doubt: *Davoue* v. *Fanning,* 2 Johns. Ch., 252, where many of the English and American decisions are thoroughly and ably discussed; *Jackson* v. *Van Dalfsen,* 5 Johns., 43; 3 Binney, 54; 4 Id., 43; *Fox* v. *Mackreth,* 6 Vesey, 627, reported in 1 Eq. L. Ca., 172; 1 Story's Eq. Juris., § 322; *Clark* v. *Lee,* 14 Iowa, 425; *McGregor* v. *Gardner,* Id., 326; *Moore* v. *Same,* 1 Seld., 256; *Michoud* v. *Girod et al.,* 4 How., 503; *Wormsley* v. *Wormel,* 8 Wheat., 421; 2 Sug., 109; *Church* v. *Insurance Company,* 1 Mason, 341.

We need not stop to inquire into the reason of the rule. It is sufficient that it is well settled by an almost unbroken series of decisions, and that it is founded in the plainest principles of reason and justice.

Leaving the authorities, then, for the present, we come to the facts. It is admitted that the trustee and purchaser were partners, and jointly purchased the demand against plaintiff from Robertson; that they were jointly interested in the debt and security. The facts, in relation to the interest of the trustee in the purchase, are derived from the depositions of the defendants themselves, and are as follows: To the fourth cross-interrogatory, W. H. McHenry says: "It was agreed between me and M. D. McHenry,

when the sale was about to be made, a short time before, that if he had to buy in the property it should be charged to him, and that he was to make the purchase on his own account. When we bought this and other debts of Robertson, M. D. Mc. made an advance payment, which had not been refunded; therefore, there was money coming to him." He is asked if the amount of the bid was placed on the books of the firm as a debit against him, said M. D. Mc., and answers, "Not that I know of. We have intended to obtain a book for the especial purpose of keeping the Robertson business in, but as yet have never done so." Cross-interrogatory 6: "Is it or not the arrangement between you and M. D. Mc. that the amount at which said M. D. bid off said property should be credited by said M. D. upon what he had advanced for the benefit of the firm in the purchase of the Robertson claim on Sypher?" Ans. : "There was no special arrangement to that effect, but of course I expect he will allow me what is right for my interest in that claim, on the settlement of our affairs." 13th: "Are you, as the partner of M. D. Mc. in this transaction, to realize the actual value of the property, or are you only interested to the extent of the bid made by him?" Ans. "Nothing settled about that." To the last, or 14th cross-interrogatory, he says: there were no other bidders at the sale.

The other defendant says: "W. H. McHenry was my partner in the purchase of the debt; when he was about to sell the property I told him that if it had to be bought in, I would buy it in my own name and on my own account, and allow him, on settlement, what was right for it; to which he assented, and I bought the property under that arrangement. The firm owed me, on the transaction with Robertson, more than the worth of that property."

We unhesitatingly accept this view of the transaction as developing its true character. Without the aid of the

Sypher v. McHenry.

admitted high character of the witnesses for integrity and probity, the testimony bears upon its face the impress of undoubted truth; and yet it seems to us, that no one can read it and escape the conclusion that the trustee was interested in the purchase. True, the purchaser bought it "on his own account," but he was to allow his partner on settlement, not what he bid, but "what was right," or "what was right for his interest in the claim."

In other words, it is but too manifest that if a third person had bought, they would have realized for the property just the amount of the bid. To one-half of such bid would the trustee have been entitled in the adjustment of the firm accounts; but now he can require and is entitled to a full half-interest in the property, whatever its value. Nothing can be clearer than that M. D. McHenry bought with the understanding, not that he was to account alone for his bid, but was to hold the property for the benefit of himself and partner, jointly. If he had sold the next day for $3,000, the interest of the trustee would have been $1,500, instead of $700, or one-half the amount for which the property was sold. He became the trustee of his co-defendant, holding the property for their joint benefit. And if so, the interest thus acquired by the trustee would invalidate the sale as clearly as if the bid had been in his own name.

It is as though there had been an express understanding that the purchaser was to take the title, and afterwards convey it in whole or in part to the trustee. And that such a transaction could not be upheld, is well sustained by the authorities above cited, and many of those cited therein.

The language of many of the cases but demonstrates the correctness of this conclusion. Thus, if the trustee becomes *interested* in the purchase, the *cestui que trust* is entitled, as of course, to have the sale set aside. 2 Johns. Ch., 251; 8 Iowa, 277.

A trustee cannot act for his own *benefit* in a matter con-
nected with the trust. *Holt* v. *Holt*, 1 Ch. Cas., 190. When
a trustee undertakes to act for others, he undertakes not to
*manage for his own benefit. Ex parte Lapey*, 6 Vesey, 625.
It is not permitted that the agent shall buy for himself or
for another. To allow this, would permit him to apply
the information acquired by the trust to his own benefit.
*Ex parte Bennett*, 10 Vesey, 385. The principle referred to
is admitted, not only as established by adjudication, but
also as founded in indispensable necessity, to prevent that
*great inlet of fraud, and those . dangerous consequences* which
would ensue, if trustees might themselves become purchas-
ers, or if they were not in every respect *kept within compass.*
Although it may seem hard that the trustee should be the
only person of all mankind who may not purchase, yet, for
very obvious consequences, it is proper the rule should be
*strictly pursued and not in the least relaxed. Moore* v. *Allaine*,
2 Caines' Cases, 183.

The danger of temptation does, out of the mere necessity
of the case, work a disqualification. Nothing less than inca-
pacity being able to shut the door against temptation, when
the danger is imminent, and the security against discovery
great, the wise policy of the law has, therefore, put the
*sting of disability* in the temptation as a defensive weapon
against the strength of the danger which lies in the situa-
tion. The parts which the buyer and seller have to act,
stand in direct opposition to each other in point of interest,
and the *conflict of interest* is the rock, for shunning which the
disability has obtained its force, by making that person,
who has one part intrusted to him, *incapable of acting on the
other side. The York Buildings Company* v. *Mackenzie*,
decided in 1795, 8 Bro. C. P. Trustees of every descrip-
tion, who have power to sell, can never, by *direct or indirect
means*, become the purchaser of the trust property. *Litch-
field* v. *Credworth*, 15 Pick., 24; *Copeland* v. *Mercantile*

*Insurance Company*, 6 Id., 198. A trustee is bound not to do anything which can place him in a position inconsistent with the interest of the trust, or which has a tendency to *interfere* with his duty in discharging it. 1 Sto. Eq. Juris., 322; and see *Farnham* v. *Brooks*, 9 Pick., 212; *Hawley* v. *Cramer*, 4 Cow., 717; *Scott* v. *Davis*, 4 Mylne & Craig, 87; *Prewitt* v. *Graty*, 1 Perciv., 367; *S. C.*, 6 Wheat., 481; *Hamilton* v. *Wright*, 6 Clark & Fin., 111.

But we need not add authorities, or further discuss the case upon its facts. We unite in the opinion that the trustee had such an interest, or was to derive such a benefit from the purchase made in the name of his co-defendant, as to leave us no alternative but to concur in the decree of the court below setting aside the sale, and said decree is therefore                                                                 Affirmed.

COLE, J., having been of counsel, took no part in the consideration of this case.