JOHN PARMENTER *v.* KENRICK WALKER and others.

K. W. and E. W., his wife, being mortgagees with powers of sale, sold the mortgaged premises to H. A. P., and took a reconveyance to themselves. The mortgagor filed a bill to redeem, alleging that the mortgagees had sold to themselves. The answer to the bill was, in substance, that the mortgagees agreed with H. A. P. that if he would bid upon said mortgaged property to the amount of their mortgages at least, in case so much should not be bid by others, they would purchase the same of him at the price by him bid, and save him from any loss in consequence of his so buying said property, or take it off his hands, and admitted that said H. A. P. had conveyed to them the said premises in pursuance of said agreement, *Held*, the case being tried on bill and answer, that the mortgagor was still entitled to redeem, the mortgagees having acquired, as against him, only defeasible titles.

BILL in equity, to redeem certain real estate in North Providence and Pawtucket, sold by mortgagees under power of sale. The case was heard upon bill and answer, from which it appeared, that John Parmenter, the complainant, made five mortgages, covering the land in question, to the defendant, Kenrick, and one mortgage to his wife, the defendant, Emeline Walker; the first of said mortgages being dated the 13th of April, 1857, and the last the 23d of January, 1860. The notes mentioned in the mortgages amount, in the aggregate, to the sum of eight thousand seven hundred dollars.

On the 12th of March, 1862, Parmenter made a general assignment of all his estate, for the benefit of creditors, to the defendants, Kenrick Walker and Edward H. Hazard, the assignment containing a proviso that such of his creditors as should not release their claims within six months should not be entitled to any dividend or benefit under the assignment. No creditors have ever released. The defendants, Kenrick Walker and Emeline Walker, advertised the mortgaged premises for sale under their respective mortgages, and the said premises were sold at auction on the 2d day of September, 1865, and were bought at said sale by one Henry A. Parker, who was then and there acting for the defendants, Kenrick Walker and Emeline Walker,

as stated in respondent's answer, and said Parker, after having received deeds from said Kenrick Walker and Emeline Walker, reconveyed to them the estate so conveyed to him.

*T. C. Greene, for complainant :*—

I. A mortgagee has no right to purchase an estate at a sale made by himself as mortgagee. This precise point has been decided by our own and other courts. 1 Story's Equity Jur. §§ 321, 322 ; 2 do. §§ 1261, 1262 ; *Nichols* v. *Baxter et al.* 5 R. I. 497 ; *Middlesex* v. *Minot,* 4 Met. 325 ; *Mapper* v. *Sharpe,* 32 Ill. 13 ; *Baldwin* v. *Allison,* 4 Min. 30.

II. The assignees are bound to make a conveyance back to Parmenter of the estate assigned by him to them. They are trustees for his benefit, the six months having expired within which creditors were to release, and the creditors not having released within that time. 2 Story's Equity Jur. § 1200 ; *Halsey et al.* v. *Whitney,* 4 Mason, 223, 224 ; *Eaton* v. *Tillinghast, Trustee,* 4 R. I. 283.

*B. N. & S. S. Lapham, for the respondents,* cited 1 Hilliard on Mortgages, 205, and Story's Eq. Juris. § 1023.

DURFEE, J. The defendants, Kenrick Walker and Emeline, his wife, being mortgagees—the former of the plaintiff, and the latter under a deed from the plaintiff and his wife—sold the mortgaged premises at auction, by virtue of the powers of sale in the mortgages, to one Henry A. Parker, who afterwards conveyed the same back to the said defendants, conveying to each the premises bought of each respectively. The plaintiff, who claims to have succeeded to the right of his wife now deceased, brings this bill, in part, to redeem the mortgages and to compel a conveyance to him of the mortgaged premises, on the ground that the sale of the same was virtually a sale by the mortgagees to themselves. The answer of Kenrick Walker admits, " That he and the said Emeline advertised under their mortgages ; that Henry A. Parker bid off said property at said auction sale under the following circumstances : this respondent and said Emeline Walker, in order to protect themselves from loss under these mortgages, agreed with said Parker, that if he would bid upon said mortgaged property to the amount of their mort-

gages at least, in case so much should not be bid by others, they would purchase the same of him at the price by him bid, and would save him from any loss in consequence of his so buying said property, or would take the same off his hands. And they admit that said Henry A. Parker has conveyed to them, in pursuance of said understanding or agreement, said premises."

Emeline Walker, in effect, adopts the answer of Kenrick Walker as her own.

The counsel for the said defendants, admitting that a mortgagee, purchasing either directly or indirectly at his own sale under a power in the mortgage, acquires as against the mortgagor only a defeasible title, contends, nevertheless, that the title of the defendants is valid, for the reason that their agreement with Henry A. Parker left him at liberty either to re-sell the premises to them, at the price bid, or to retain the same, at his own option, it being competent for a mortgagee, after the sale, to buy the mortgaged premises from the purchaser.

But assuming, what is not quite so unequivocally stated in the answer as it might have been, that the agreement with said Parker left it optional with him to retain the property, we think the defence cannot prevail against the claims of the mortgagor. It is obvious that the supposed privilege, if allowed, would be liable to frequent and easy abuse, and on that account would be open to serious objection. But, furthermore, the reason why a mortgagee cannot properly become a purchaser at his own sale, is because, as a purchaser, he would have an interest adverse to that of the mortgagor, whose interest it is his duty, in selling under the power, to promote with the utmost good faith. And so, under such an arrangement as that disclosed in the answer, (supposing Parker agreed to bid as proposed,) the mortgagee having protected himself from loss, (as he might do completely, the property being sufficient, by stipulating for a bid large enough to cover both the mortgage debt and the expenses of the sale,) would cease to have any pecuniary interest in increasing the number or stimulating the competition of bidders, or in giving such information or proposing such terms as would-

promote these ends; while, on the other hand, he would have an interest or inducement, more or less influential, according as he valued his chances of repurchase, unfavorable to these ends. We deem it to be the policy of the law not only to prevent the practice of fraud, but also to take away the temptation to its practice. See Devoue v. Fanning, 2 Johns. Ch. 251; Campbell v. Walker, 5 Ves. 678; De Caters v. De Chaumout, 3 Paige, Ch. 178; Mapps v. Sharpe, 32 Ill. 13; Johnson v. Bennett, 39 Barb. 237, 249; Abbott v. American Hard Rubber Co. 33 Barb. 578, 594; Sypher v. McHenry, 18 Iowa, 232.

We think the plaintiff is entitled to redeem the mortgages, and that the cause should be sent to a master to ascertain the amount which is due thereon, and to take such further account between the parties to this suit as their respective rights or claims on such parties may require.